# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
SEAN L. BROHAWN, BAR NO. 7618.

No. 75416

FILED

JUL 19 2018

## *ORDER APPROVING CONDITIONAL GUILTY PLEA AGREEMENT*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a modified conditional guilty plea agreement in exchange for a stated form of discipline for attorney Sean L. Brohawn. Under the agreement, Brohawn admitted to violating RPC 1.2 (scope of representation), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 3.4 (fairness to opposing party and counsel), RPC 8.1 (disciplinary matters), and RPC 8.4 (misconduct). He agreed to an 18-month suspension to run concurrent with the 18-month suspension imposed in *Discipline of Brohawn*, Docket No. 73964 (Order Approving Conditional Guilty Plea, Feb. 23, 2018).

Brohawn has admitted to the facts and violations alleged in the complaint. The record therefore establishes that Brohawn failed to appear on behalf of a criminal client on two occasions, resulting in the need for her to be appointed a public defender, and he failed to refund her his unearned legal fees. Additionally, Brohawn failed to withdraw two other clients' claims and failed to inform them of requests for discovery, which resulted in the clients being sanctioned $2,740 plus interest. They were unaware of the sanction until the opposing party attempted to collect the sanction and as a result, they had to pay $750 to resolve the debt. Further, Brohawn

18-27613

failed to respond to the State Bar's lawful demands for information in response to the two grievances. Thus, the record establishes that he violated the above-listed rules.

As Brohawn admitted to the violations as part of the plea agreement, the issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Brohawn has admitted that he knowingly violated duties owed to his clients (diligence, communication, scope of representation) and to the legal profession (failing to respond to a lawful demand for information from a disciplinary authority and misconduct). He also admitted that his clients were harmed because one was subject to criminal consequences as a result of his lack of diligence and communication and the others were monetarily sanctioned because he failed to properly withdraw their claims or inform them of requests for discovery. Further, the profession was harmed as a result of Brohawn's failure to participate in the grievance process. The baseline sanction before considering aggravating and mitigating circumstances is suspension. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2017) (providing that suspension is appropriate if a lawyer either "knowingly fails to perform services for a client and causes injury or potential injury to a client," or the "lawyer engages in a pattern of neglect and causes injury or potential injury to a client"). The record

supports the panel's findings of three aggravating circumstances (multiple offenses, pattern of misconduct, and substantial experience in the practice of law) and two mitigating circumstances (mental disability and cooperative attitude). Considering all four factors, we conclude that the agreed-upon 18-month suspension to run concurrent with the suspension in Docket No. 73964 is appropriate.

Accordingly, we hereby suspend attorney Sean L. Brohawn from the practice of law in Nevada for a period of 18 months, to run concurrent with the suspension imposed in *Discipline of Brohawn*, Docket No. 73964 (Order Approving Conditional Guilty Plea, Feb. 23, 2018), such that both periods of suspension will conclude on August 23, 2019. Brohawn shall pay restitution to LeeRoy and Linda Taylor in the amount of $1,150 and Christina Braithwaite in the amount of $1,250 within 60 days of the date of this order. Further, Brohawn shall pay the actual costs of the disciplinary proceeding, including $2,500 under SCR 120 within 60 days of the date of this order. The State Bar shall comply with SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Chair, Northern Nevada Disciplinary Board
Law Office of Jerry M. Snyder
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court